0407

BURTON INTERNATIONAL, INC., Appellant, v. Robert C. WASSON, Chairman and Charles N. Plowden and John H. LaFitte, Jr., Constituting the Members of the South Carolina Tax Commission, Respondents.

(327 S. E. (2d) 373)·

Court of Appeals

*Frank A. Graham, Jr.*, Columbia, *for appellant.*

*T. Travis Medlock, Atty. Gen., Daniel R. McLeod, Retired Atty. Gen., Joe L. Allen, Jr., Deputy Atty. Gen.*, and *Ray N. Stevens*, Columbia, *for respondents.*

Heard Dec. 13, 1984.

Decided March 6, 1985.

BELL, Judge:

This is an action to recover $17,766.74 in sales taxes, penalties and interest assessed on the gross proceeds of the sale of eight motor trucks by Burton International to Senn Trucking Company. Burton appeals from the trial judge's order denying recovery. We affirm.

Burton is a South Carolina corporation engaged in the retail sale of large trucks. Its principal place of business is in Columbia. Senn Trucking, also incorporated in South Carolina, is a common carrier licensed by the appropriate authorities for both intra- and interstate motor freight carriage. Senn purchased the trucks from Burton in April 1978

and paid the freight charges from the point of manufacture to Columbia, where they were unloaded by Burton and delivered to Senn. Senn's president executed an affidavit to the effect that the trucks were delivered in South Carolina. No sale tax was collected at that time. Following an audit in 1980, Burton was assessed nearly $18,000 in sales taxes, penalties and interest arising from the sale of Senn. Burton paid the full amount under protest in June 1981, then brought this action pursuant to Section 12-35-1440, Code of Laws of South Carolina, 1976, for its recovery.

Burton contends, first, that the assessment amounts to ■ a tax on interstate commerce, prohibited by the commerce clause of the United States Constitution. U. S. Const. art. I, sec. 8, cl. 3. The tax in issue here was levied not on the interstate activity of the trucks but on the sale of the trucks. The sale was a local activity subject to tax in South Carolina. *International Harvester Co. v. Wasson*, 281 S. C. 458, 316 S. E. (2d) 378, *cert. denied*, ____ U. S. ____, 105 S. Ct. 250, 83 L. Ed. (2d) 188 (1984). Burton argues that the tax imposed by South Carolina must pass muster under the four pronged analysis announced in *Maryland v. Louisiana*, 451 U. S. 725, 101 S. Ct. 2114, 68 L. Ed. (2d) 576 (1981). Since we find the tax here to be local in character, that analysis is not applicable. *See International Harvester Co. v. Wasson, supra.*

Burton's second argument is that imposition of the tax ■ on motor truck common carriers violates equal protection because a like tax is not assessed on rail common carriers. U. S. Const. amend. XIV; S. C. Const. art. I, sec. 3. This issue was addressed by our Supreme Court in *Senn Trucking Co. v. Wasson*, 280 S. C. 279, 312 S. E. (2d) 252, *cert. denied*, ____ U. S. ____, 104 S. Ct. 3537, 82 L. Ed. 841 (1984), and decided contrary to Burton's position.

The decision of the circuit court is

Affirmed.

SANDERS, C. J., and SHAW, J., concur.